Obot v. Bailey

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

Otu A. Obot,

> *Plaintiff-Appellant,*

v.                                              13-3073

Ekaete O. Bailey,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Otu A. Obot, *pro se*, Amherst, NY. |
| **FOR DEFENDANT-APPELLEE:** | Ekaete O. Bailey, *pro se*, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Otu A. Obot, *pro se*, appeals from a final judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint and declining to exercise supplemental jurisdiction over his state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's *sua sponte* dismissal of a complaint *de novo*. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "[T]he exercise of supplemental jurisdiction is left to the discretion of the district court, and this court's review is limited to whether the district court abused its discretion." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994); *see* 28 U.S.C. § 1367(c) (stating that the district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). After an independent review of the record and relevant case law, we affirm for substantially the reasons articulated by the district court judge in his decision entered August 5, 2013.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk